**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| United States of America,<br><br>  Plaintiff<br><br>v.<br><br>Joselynn Viray Gan,<br><br>  Defendant | Case No.: 2:18-cr-00291-JAD-BNW-2<br><br>**Order Granting Motions for Early Termination of Supervised Release, Leave to File Under Seal, and Appointment of Counsel**<br><br>[ECF Nos. 77, 78, 80] |

Joselynn Viray Gan is more than a year and a half into a three-year term of supervised release after completing a 78-month sentence for conspiring to distribute methamphetamine and heroin.[1] She now moves to end her supervision early, contending that she has complied with all relevant conditions and meets the statutory criteria for termination.[2] The government does not oppose her request.[3] Because Gan has demonstrated her inability to afford an attorney, I grant her motions for appointment of counsel and for leave to file her financial affidavit under seal. And I grant her motion for early termination of supervised release because she meets the qualifying criteria.

**I.  Gan is entitled to a court-appointed attorney.**

District judges have discretion to appoint counsel for "any person financially unable to obtain adequate representation."[4] Eligibility for court-appointed counsel is determined by

---

[1] ECF Nos. 70, 80.

[2] ECF No. 80.

[3] ECF No. 81.

[4] L.C.R. 44-1 (citing the Plan for Administration of the Criminal Justice Act (CJA) of 1964, https://www.nvd.uscourts.gov/wp-content/uploads/2021/01/CJA-Plan-Revised-12-2020.pdf).

assessing the person's financial affidavit under a deferential standard: "[a]ny doubts about a person's eligibility should be resolved in favor of eligibility."[5] Gan's financial affidavit confirms her inability to afford an attorney and her need for one to be appointed to her, so I grant her request to appoint counsel.

## II.     Gan's financial affidavit will remain sealed.

It is well-established that the Ninth Circuit "recognize[s] a 'general right to inspect and copy public records and documents, including judicial records and documents.'"[6] "This right is justified by the interest of citizens in keeping a watchful eye on the workings of public agencies."[7] But "access to judicial records is not absolute."[8] Ordinarily, "[w]hen ruling on a motion to seal court records, the district court must balance the competing interests of the public and the party seeking to seal judicial records."[9] Courts in the Ninth Circuit and at least two other circuit courts have recognized that such a standard doesn't apply to financial affidavits like the one Gan filed here because they are administrative, not judicial, in nature.[10] I find that reasoning persuasive and adopt it here. So, because Gan's affidavit is an administrative document that

---

[5] The Plan for Administration of the CJA of 1964 at 7–8.

[6] *Kamakana v. City and Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 n.7 (1978)).

[7] *Id.* (cleaned up).

[8] *Id.*

[9] *In re Midland Nat. Life Ins. Co. Annuity Sales Pracs. Litig.*, 685 F.3d 1115, 1119 (9th Cir. 2012) (citing *Kamakana*, 447 F.3d at 1179).

[10] *See In re Boston Herald, Inc.*, 321 F.3d 174, 181 (1st Cir. 2003); *United States v. Gonzalez*, 150 F.3d 1246, 1254–55 (10th Cir. 1998); *see also United States v. Lexin*, 434 F. Supp. 2d 836, 847–49 (S.D. Cal. 2006) (finding that because "[t]he documents containing the financial information of a [d]efendant requesting appointment of counsel that are submitted to the court are not related to the process of adjudicating whether defendants are guilty or innocent of the crimes on which they are charged," such documents "are not judicial documents" and are instead "administrative documents not subject to disclosure to the public or press"); *Morrison v. Dietz*, 2010 WL 395918, at *3 (N.D. Cal. Feb. 1, 2010).

contains personal financial information that the public does not need access to, I grant her request for leave to file the affidavit under seal.

### III. Gan is entitled to early termination of her supervised release.

A district court may, "[a]fter considering a subset of the sentencing factors set forth in 18 U.S.C. § 3553(a), . . . terminate a term of supervised release" after the expiration of the first year of supervised release if it is "satisfied that such action is warranted by the conduct of the defendant released and the interest of justice."[11] Those § 3553(a) factors are the nature and circumstances of the offense; the defendant's history and characteristics; the need to deter criminal conduct, protect the public from the defendant's further crimes, and give the defendant needed resources that the probation office can provide; the sentence and sentencing range; the need to avoid unwarranted sentencing disparities; and the need to provide restitution to any victims.[12] But the court is not obligated to "tick off" each § 3553(a) factor and illustrate its consideration.[13] District courts have "broad discretion in determining whether to grant a motion to terminate supervised release."[14] According to the Ninth Circuit, "a district court enjoys discretion to consider a wide range of circumstances" in making an early termination decision.[15]

Gan meets the statutory criteria for early termination of supervision. While the serious nature of her offenses weighs against termination, her history and personal characteristics weigh in favor of it. Gan has not had disciplinary issues since commencing supervision, has maintained

---

[11] *United States v. Emmett*, 749 F.3d 817, 819 (9th Cir. 2014) (quotation omitted).

[12] 18 U.S.C. §§ 3553(a), 3583(e)(1).

[13] *United States v. Langenbach*, 848 F. App'x 356, 357 (9th Cir. 2021) (unpublished).

[14] *Emmett*, 749 F.3d at 819 (citing 18 U.S.C. 3583(e)(1); *United States v. Hook*, 471 F.3d 766, 771 (7th Cir. 2006).

[15] *Id.*

3

employment since her release from prison, and has remained sober since her arrest for the underlying offense.[16]  The record also reflects that she has made significant efforts to rehabilitate herself.  While in prison, she obtained available certificates, and she has received her GED since her release.[17]  Gan has maintained a close relationship with her family and has good relationships with her four adult children.[18]  The government, having conferred with the United States Probation Office, does not oppose Gan's request.[19]  Because I am satisfied that Gan's conduct warrants the early termination of her supervised release based on the 18 U.S.C. § 3553(a) factors and that such relief is in the interest of justice, I grant her motion and order that her supervision be terminated.

**Conclusion**

IT IS THEREFORE ORDERED that Gan's motion for early termination of supervised release **[ECF No. 80] is GRANTED**.  Gan's supervision is **TERMINATED**.

IT IS FURTHER ORDERED that Gan's motion for appointment of counsel **[ECF No. 77] is GRANTED** *nunc pro tunc* **to March 18, 2025**, and her motion for leave to file her affidavit under seal **[ECF No. 78] is also GRANTED**.  The Clerk of Court is directed to **MAINTAIN THE SEAL on docket entry ECF No. 79**.

_____
U.S. District Judge Jennifer A. Dorsey
April 10, 2025

---

[16] ECF No. 80 at 3.
[17] *Id.*
[18] *Id.*
[19] ECF No. 81.